1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL KELLER,

11          Plaintiff,                    Case No. 2:10-cv-2328-MCE-DAD PS

12          v.

13   UNITED STATES FEDERAL
     GOVERNMENT,
14
            Defendant.                    FINDINGS AND RECOMMENDATIONS
15   _____/

16          This matter came before the court on June 24, 2011, for hearing of defendant's

17   motion to dismiss plaintiff's amended complaint.  Plaintiff Daniel Keller, who is proceeding pro

18   se in this action, appeared on his own behalf.  Assistant United States Attorney Bobbie Montoya

19   appeared for defendant.  At the conclusion of that hearing defendant's motion was taken under

20   submission.

21                          PLAINTIFF'S CLAIM

22          Plaintiff alleges that the United States Federal Government, has ". . . continually

23   and knowingly allowed the Monroe County Police Department of Bloomington, Indiana to

24   derelectly [sic] and corruptly investigate me for murders I didn't commit since I was around

25   eleven."  (Amend. Complaint (hereinafter AC) (Doc No. 7) at 1.)  According to plaintiff's

26   amended complaint, he is being investigated by local law enforcement officers for the murders of

1

1  two young boys, an FBI agent and a Monroe County detective.[1]  In his amended complaint,

2  plaintiff alleges that he was given "Presidential and Federal protection in early 2000's due to

3  knowledge I had of vast importance to national security and to protect me from the corrupt

4  elements of the Monroe County Police Department and that region or any whom might use laws

5  against me and the county for any reason." (AC at 1.)  Plaintiff contends that the Monroe County

6  Police Department continues to harass him to this day, "knowing full well" that he "did not

7  commit any of those murders or atrocities." (AC at 2.)  In this action, plaintiff has brought suit

8  against the "United States Federal Government" claiming that it has failed to properly investigate

9  the Monroe County Police Department and stop that local enforcement agency from falsely

10  accusing him.

## PROCEDURAL HISTORY

12          Plaintiff filed his original complaint in this action on August 30, 2010.  (Doc. No.

13  1.)  On April 8, 2011, plaintiff filed his amended complaint, (Doc. No. 7) wherein he alleges that

14  the United States Government has failed to properly investigate the Monroe County Police

15  Department for making false allegations that plaintiff committed several murders.  Defendant

16  United States filed a motion to dismiss the amended complaint on May 18, 2011.  (Doc. No. 8.)

17  Plaintiff filed opposition to the motion.  (Doc. No. 9.)  Defendant filed a reply.  (Doc. No. 10.)

## ARGUMENTS OF THE PARTIES

19          In moving to dismiss, defendant United States argues that this court lacks

20  jurisdiction over plaintiff's claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil

21  Procedure.  Defendant also contends that plaintiff's claim is barred against the United States

22  because there has not been an express waiver of sovereign immunity with respect to plaintiff's

23  apparent claims against the federal government.  (Motion to Dismiss (Doc No. 8-1) at 2.)

24  /////

25

26          [1] Plaintiff claims that these murders under investigation occurred when he was only
eleven-years-old and fifteen-years-old.

1        In his opposition to the pending motion plaintiff only briefly addresses the court's

2  jurisdiction over his action, stating "The Presidential and Federal protection backs that my side of

3  the events are true and acceptible [sic] in court and jurisdiction."  (Opp'n (Doc. No. 9) at 3.)

4  Plaintiff counters defendant's claim that there has been no waiver of sovereign immunity by

5  contending in conclusory fashion that ". . . the Federal Government has sovereign immunity and

6  must approve a lawsuits proceedings, the Presidential and Federal Protection is enough authority

7  to allow the lawsuit as well . . ."  (Id. at 4.)

8        In reply, defendant argues that plaintiff has failed to articulate how his

9  "Presidential and Federal protection" constitute an express waiver of the government's sovereign

10  immunity.  (Reply at 2-3.)  Defendant argues that the burden of establishing the waiver of

11  sovereign immunity falls on plaintiff and that here he has failed to meet that burden.  (Id. at 3.)

12  (citing Devries v. I.R.S., 359 F. Supp.2d 988, 992 (E.D. Cal. 2005)).

13        Defendant United States also advances several additional arguments in support of

14  its motion to dismiss plaintiff's amended complaint, including that: (1)Plaintiff fails to state a

15  claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil

16  Procedure; (2) Under decisions such as Weisberg v. U.S. Dept. of Justice, 489 F2.d 1195, 1201

17  (D.C. Cir. 1978), the district courts lack the authority to interfere with the Executive Branch's

18  decisions concerning whether it is necessary to conduct a criminal, administrative or regulatory

19  investigation; (3) Plaintiff lacks standing to sue the United States under Article III; and (4)

20  Plaintiff has failed to allege exhaustion of his administrative remedies.  Defendant also seeks

21  summary judgement in its favor under Rule 56 of the Federal Rules of Civil Procedure on the

22  grounds that there is no genuine dispute as to material fact and it is entitled to judgement as a

23  matter of law.

24                         LEGAL STANDARDS

25        Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense,

26  by motion, that the court lacks jurisdiction over the subject matter of an entire action or of

1   specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction

2   may either attack the allegations of the complaint or may be made as a 'speaking motion'

3   attacking the existence of subject matter jurisdiction in fact."  <u>Thornhill Publ'g Co. v. Gen. Tel.</u>

4   <u>& Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

5          When a party brings a facial attack to subject matter jurisdiction, that party

6   contends that the allegations of jurisdiction contained in the complaint are insufficient on their

7   face to demonstrate the existence of jurisdiction.  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d

8   1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to

9   safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  <u>See</u> <u>Sea Vessel Inc.</u>

10  <u>v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994); <u>Osborn v. United States</u>, 918 F.2d 724, 729 n. 6 (8th

11  Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is

12  granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.

13  <u>Savage v. Glendale Union High Sch. Dist. No. 205</u>, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003),

14  <u>Miranda v. Reno</u>, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).[2]  Nonetheless, district courts "may

15  review evidence beyond the complaint without converting the motion to dismiss into a motion

16  for summary judgment" when resolving a facial attack.  <u>Safe Air for Everyone</u>, 373 F.3d at 1039.

17         When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction

18  in fact, no presumption of truthfulness attaches to the plaintiff's allegations.  <u>Thornhill Publ'g</u>

19  <u>Co.</u>, 594 F.2d at 733.  "[T]he district court is not restricted to the face of the pleadings, but may

20  review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the

21  existence of jurisdiction."  <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988).  When

22  a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has

23  the burden of proving that jurisdiction does in fact exist.  <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733.

24
              [2]  In addition, pro se complaints are generally held to less stringent standards than formal
25  pleadings drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).  However, the
    court need not assume the truth of legal conclusions cast in the form of factual allegations.  <u>W.</u>
26  <u>Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

                                            4

ANALYSIS

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."  Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).  See also Lehman v. Nakshian, 453 U.S. 156, 160 (1981) ("[T]he United States , as sovereign, 'is immune from suit save as it consents to be sued.'")  This sovereign immunity "applies to all federal agencies and to federal employees acting within their official capacities." Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).  See also Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993) (no federal agency can be sued unless Congress has explicitly revoked that agency's immunity); City of Whittier v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979).

"A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007) (citing McCarthy, 850 F.2d at 560 ("The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction.")).  See also United States v. King, 395 U.S. 1, 4 (1969) (No court has jurisdiction to award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute.)  "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." United States v. Mottaz, 476 U.S. 834, 841 (1986) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)).  See also Hodge, 107 F.3d at 707 ("The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit."); Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).  Thus, absent a waiver of sovereign immunity, a claim against the United States or a federal agency must be dismissed for lack of subject matter jurisdiction.  See Gerritsen, 989 F.2d at 343 (FBI dismissed as a defendant in a civil action because the court lacked jurisdiction over that federal agency in the absence of an express statutory authorization); Gilbert v. DaGrossa,

756 F.2d 1455, 1458 (9th Cir. 1985).   Finally, any waiver of sovereign immunity must be both

"unequivocally expressed," Hodge, 107 F.3d at 707, and "strictly construed in favor of the

United States."   Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992).   See also United

States v. Nordic Village, Inc. 503 U.S. 30, 33 (1992); Block, 461 U.S. at 287.

       Here, plaintiff argues that the United States waived its sovereign immunity when

the government allegedly agreed to provide him with "Presidential and Federal protection."

However, in his amended complaint plaintiff has failed to provide any factual allegations in

support such a claim.   More importantly, plaintiff has not alleged anything that could conceivably

constitute an explicit waiver of sovereign immunity by the United States through act of Congress

or otherwise.   Instead, plaintiff relies solely on the alleged existence of his "Federal and

Presidential protection" in contending that the United States has waived its sovereign immunity.

Contrary to plaintiff's suggestion, it appears clear that Congress has not consented to suits

against the United States even by individuals formally granted placement, for instance, in the

federal witness protection program.   In this regard, under the Witness Security Reform Act of

1984, Congress expressly retained sovereign immunity on behalf of the Unites States, stating:

> The United States and its officers and employees shall not be
> subject to any civil liability on account of any decision to provide
> or not to provide protection under this chapter.

18 U.S.C. 3521(a)(3).   See also Doe v. Civiletti, 635 F.2d 88, 88 (2d Cir.1980) (observing the

"well-established rule that the federal courts do not have power to order specific performance by

the United States of its alleged contractual obligations," in affirming the dismissal of a complaint

seeking an injunction requiring subsistence payments, protection, and re-enrollment in witness

protection program).

       In his amended complaint plaintiff has failed to allege an express waiver of

sovereign immunity by the Unites States with respect to the claim he is seeking to present in this

action against the United States.   Moreover, it appears clear that the United States has not waived

its sovereign immunity in this regard.   Without a proper waiver of sovereign immunity, the court

1    is unable to find that subject matter jurisdiction exists over this action.[3]  In this regard, plaintiff

2    has failed to meet his burden of proving that jurisdiction over this action does in fact exist.  See

3    Thornhill Publ'g Co., 594 F.2d at 733.

4            The undersigned has carefully considered whether plaintiffs may amend the

5    complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

6    to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

7    Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

8    Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that,

9    while leave to amend shall be freely given, the court does not have to allow futile amendments).

10   Granting leave to amend would clearly be futile in this instance given the absence of subject

11   matter jurisdiction discussed above.  The undersigned will therefore recommend that plaintiff's

12   amended complaint be dismissed in its entirety with prejudice.

13                                CONCLUSION

14           Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED

15   that:

16           1. Defendant's motion to dismiss (Doc. No. 8) be granted

17           2.  Plaintiff's amended complaint be dismissed with prejudice; and

18           3.  This action be closed.

19           These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

21   one days after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24

25           [3]  As noted, defendant has advanced several additional arguments in support of its motion
     to  dismiss.  The court's conclusion that subject matter jurisdiction over plaintiff's claim is
     lacking is dispositive of the pending motion and renders it unnecessary for the court to address
26   the additional grounds for dismissal presented by defendant.

                                        7

1   shall be served and filed within seven days after service of the objections.  The parties are

2   advised that failure to file objections within the specified time may waive the right to appeal the

3   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   DATED: July 21, 2011.

5

6   _____

7   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

8   DAD:ac
    orders.pro se/keller02328.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26